UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MARIE SEVERNS, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br>vs.<br><br>NATIONAL ENTERPRISE SYSTEMS, INC.,<br><br>    Defendant. | Case No.: 17-cv-495<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Marie Severns is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant National Enterprise Systems, Inc., ("National") is a debt collection agency with its principal place of business located at 29125 Solon Rd., Solon, OH 44139.

6. National is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. National is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. National is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about September 6, 2016, National mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Bank of America, N.A." ("BoA"). A copy of this letter is attached as Exhibit A.

9. The alleged debt identified in Exhibit A was a credit card account used for personal, household and family purposes.

10. Upon information and belief, Exhibit A was the first letter National sent Plaintiff regarding the alleged debt to which the letter refers.

11. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. Upon information and belief, Exhibit A is a form debt collection letter used by National to attempt to collect alleged debts.

13. Exhibit A includes the required 15 U.S.C. § 1692g(a) debt validation notice informing the consumer that she has 30 days to dispute the debt or obtain validation of the debt.

14. Exhibit A lists three dates: September 6, 2016, "Date of Referral" (September 5, 2016), and "Date of Issue" (October 9, 2001).

15. Exhibit A gives confusing and conflicting dates that overshadow the validation notice.

16. Exhibit A is confusing to the unsophisticated consumer in that it tells the consumer that she has 30 days to dispute or validate the debt but lists numerous dates, making it unclear when the validation period ends.

17. Providing a date in 2001, and labeling it with the ambiguous language "Date of Issue," is also ambiguous, confusing and misleading.

18. The unsophisticated consumer could interpret the term "date of issue" as meaning the date that Exhibit A was issued. If that were the case, both the validation period and the statute of limitations would have expired long ago.

19. The unsophisticated consumer could also interpret the term "date of issue" or the date that the card account first allegedly became delinquent, or the date that a dispute first arose between her and BoA.

20. The Merriam Webster dictionary lists nine different definitions for the word "issue." https://www.merriam-webster.com/dictionary/issue.

21. For purposes of Plaintiff's claims brought under § 1692e, 1692e(10), the statements are material in that the unsophisticated consumer could be led to believe that she has missed the deadline and forego her dispute or validation rights.

22. Exhibit A fails to clearly and unambiguously inform the unsophisticated consumer that, in order to invoke his or her right to require National to cease most collection activities until they provide verification of the debt, the consumer must do so thirty days from the date the letter was received. 15 U.S.C. § 1692g(a).

23. National did not effectively convey to the consumers their rights under the FDCPA. *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003); *see also*

*Desantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (a "debt collector violates the Act if it fails to convey the information required by the Act.").

24. The consumer is not required to rely upon the debt collector to voluntarily comply with the FDCPA. *McCabe*, 272 F. Supp. 2d at 738 ("However, Crawford misses the point of the protection found in § 1692g(a)(4). Although a debt collector *may* provide verification upon *oral* notification, the debt collector *must* provide verification upon *written* notification. If the debtor gives only *oral* notification of the dispute, the FDCPA imposes no requirement on the debt collector to obtain verification of the debt.").

25. Failure to provide the correct validation notice within five days of the initial communication with Plaintiff and the class is a *per se* violation of the FDCPA. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 324 (7th Cir. 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).").

## **COUNT I -- FDCPA**

26. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

27. The deadlines in <u>Exhibit A</u> contradict each other and overshadow the §1692g(a) notice.

28. It is unclear which <u>Exhibit A</u> date, if any, marks the approximate start of the 15 U.S.C. § 1692g(a) validation and dispute period, as <u>Exhibit A</u> gives conflicting dates to dispute the same debt.

29. The unsophisticated consumer would be confused by the numerous dates in combination.

30. The "Date of Issue" date in 2001 is gratuitous and confusing. *See Muha v. Encore Receivable Mgmt.*, 558 F.3d 623, 629 (7th Cir. 2009). It implies that the validation period has expired long ago.

31. Plaintiff was confused by Exhibit A.

32. The unsophisticated consumer would be confused by Exhibit A.

33. Plaintiff had to spend time and money investigating Exhibit A.

34. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

35. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this

5

reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

36. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

37. 15 U.S.C. § 1692e specifically prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. 15 U.S.C. § 1692e(10) specifically prohibits: "the use of any false representation or deceptive means to collect or attempt to collect any debt…."

39. National violated 15 U.S.C. § 1692e, 1692e(10), 1692g(a).

## CLASS ALLEGATIONS

40. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form(s) represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between the dates of April 5, 2016 and April 5, 2017, inclusive, (e) that was not returned by the postal service.

41. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

42. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA.

43. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

44. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

45. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## <u>JURY DEMAND</u>

46. Plaintiff hereby demands a trial by jury.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: April 5, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)

                                                          3620 East Layton Avenue  
                                                         Cudahy, WI 53110  
                                                         (414) 482-8000  
                                                         (414) 482-8001 (fax)  
                                                         sademi@ademilaw.com  
                                                         jblythin@ademilaw.com  
                                                         meldridge@ademilaw.com  
                                                         dmorris@ademilaw.com